**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH BIERNACKI; RHEALYN HOLLAND; MARISIA FARMER,<br><br>   Plaintiffs - Appellants,<br><br>  v.<br><br>SERVICE CORPORATION INTERNATIONAL; SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC.; SCI WESTERN MARKET SUPPORT CENTER, L.P., AKA SCI WESTERN MARKET SUPPORT CENTER, INC.; JANE D. JONES; THOMAS RYAN; GWEN PETTEWAY; CURTIS BRIGGS,<br><br>   Defendants - Appellees. | No. 11-17495<br><br>D.C. No. 3:08-cv-01190-SI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

---

   * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: RIPPLE,[**] FERNANDEZ, and CALLAHAN, Circuit Judges.

Plaintiffs, current and former employees of Service Corporation International, appeal the district court's denial of their motion to compel individual arbitration of their wage and hour claims.[1] The district court determined that by filing a putative class action and seeking to compel arbitration after class certification was denied, the plaintiffs had waived their rights to compel individual arbitration. Because the defendants have failed to establish that they suffered prejudice from the plaintiffs' litigation, we reverse the judgment of the district court.[2]

We review de novo a district court's determination that a party waived his right to arbitrate, Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 693 (9th Cir. 1986), and its denial of a motion to compel arbitration, Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011). Whether the plaintiffs waived their rights to compel individual arbitration is governed by state law. Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1124 (9th Cir. 2008). The defendants bear the burden of establishing waiver. Under California law, they "must demonstrate (1)

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

[1] The district court's jurisdiction was based on 28 U.S.C. § 1332.

[2] Our jurisdiction is based on 9 U.S.C. § 16(a)(1)(C).

2

[the plaintiffs'] knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to [the defendants] resulting from such inconsistent acts." Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990).

To satisfy the prejudice requirement, the defendants offer only that they were prejudiced because the plaintiffs resorted to litigation. The district court erroneously determined this to be sufficient, finding that the defendants "met their burden to show that they were prejudiced by the time and expense of litigating this case for the past three years." Bryant v. Serv. Corp. Int'l, 801 F. Supp. 2d 898, 907 (N.D. Cal. 2011). However, under California law, "courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses," "[b]ecause merely participating in litigation, by itself, does not result in a waiver." St. Agnes Med. Ctr. v. PacifiCare of Cal., 31 Cal. 4th 1187, 1203, 8 Cal. Rptr. 3d 517, 530, 82 P.3d 727, 738 (Cal. 2003). Rather, sufficient prejudice "typically is found only where the petitioning party's conduct has substantially undermined th[e] important public policy [of favoring arbitration] or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." Id. at 1204.

3

The defendants have made no such showing here. On the record before us, we can find no evidence that the defendants suffered any detriment beyond having to litigate issues related to class certification, nor have the defendants pointed to any. Therefore, because the defendants have not established that they suffered any prejudice from the plaintiffs' decision to file a putative class action and to compel individual arbitration after class certification was denied, we must reverse the district court's finding of waiver and its denial of the plaintiffs' motion to compel individual arbitration.

**REVERSED.**